IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KHALED EL HASSAN, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>URS MIDWEST, INC. D.B.A. UNITED ROAD, *et al.*,<br><br>Defendants. | CASE NO. 5:18CV1227<br><br>JUDGE SARA LIOI<br><br>**DEFENDANT URS MIDWEST, INC. D.B.A. UNITED ROAD AND RICKY PRITCHET'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND** |

## I. INTRODUCTION

For reasons unknown, Plaintiffs have gone to great lengths to demonstrate that Defendants URS Midwest, Inc. d.b.a. United Road ("URS") and Ricky Pritchet's ("Pritchet")(collectively "Defendants") removal was improper, and this Court is without jurisdiction over this matter. Surprisingly, Plaintiffs gloss over and omit two (2) major details, both of which confirm that Plaintiffs' analysis is flawed, and that this matter is properly before the Court:

(1) Saida Atway ("Saida"), to date, has not been joined ***and served***; and

(2) Even if Saida was joined and served, the Complaint fails to state any colorable claim against her, affirmatively shows that Plaintiffs have no intent of pursuing her, both of which are evidence of fraudulent joinder to avoid this Court's jurisdiction.

Attempts at forum manipulation notwithstanding, Defendants' removal was proper, and the Court is vested with jurisdiction over this matter. More simply, there is no Ohio resident that is a proper party to this action. As such, Defendants respectfully set forth that Plaintiffs' Motion to Remand should be denied.

## II. SAIDA WAS NOT SERVED AT THE TIME OF REMOVAL, THUS HER CITIZENSHIP IS DISREGARDED

In a hasty attempt to avoid the Court's jurisdiction, Plaintiffs' Motion to Remand ("Motion") fails to inform the Court that Saida, Plaintiff Raida Atway's sister, to date, has never been served and no action has ever been commenced against her by Plaintiffs. This is fatal to the Motion. In fact, relying on precedent from the United States Court of Appeals for the Sixth Circuit, this Court has considered this precise issue and held that removal, under identical circumstances, was proper. *See Redland Ins. Co. v. Singleton*, 2008 WL 11381820, *1 (N.D. Ohio July 22, 2008), *citing McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001).

In *Redland Ins. Co.*, Redland Insurance Company ("Redland") filed a complaint against numerous defendants, including a foreign corporation, Acuity, a Mutual Insurance Company ("Acuity") and Transinternational Systems, Inc. ("Transinternational"), an Ohio citizen. 2008 WL 11381820 at *1. Before Transinternational was served, Acuity removed the complaint to the United States District Court for the Northern District of Ohio, and the matter was assigned to Judge Peter C. Economus. *Id*. Following the removal, Transinternational was served and Redland moved for remand. *Id*. In finding removal proper, Judge Economus held:

> Pursuant to 28 U.S.C. §1441(b), a case can be removed to federal district court if there is complete diversity and "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Therefore, according to the plain language of the removal statute, when complete diversity exists, the presence of an unserved resident defendant does not bar removal. See *McCall v. Scott*, 239 F.3d808, 813 n. 2 (6th Cir. 2001)("Where there is complete diversity of citizenship… the inclusion of an ***unserved*** resident defendant in the action does not defeat removal under 28 U.S.C. 1441(b)." (***emphasis*** original)); see also *Massy v. Sassens & Sons, Inc.*, 2006 WL 381943, *2 (S.D. Ill.)("Under the statute's plain language, therefore, if a resident defendant is not both joined and served, the

> forum-defendant rule does not apply. This conclusion has been reached 'virtually uniformly' by federal courts." (citations omitted)).
>
> The cases Redland cites are silent as to the Court's treatment of a joined but unserved resident defendant. It is undisputed that when Acuity removed the case Transinternational had not yet been served; Transinternational was served on June 9, 2008, See (Dkt. #9). "Removability is determined by the Complaint, and the Notice of Removal at the time such notice is filed, not by subsequent events." *Keller v. Honeywell Protective Services*, 742 F.Supp 425, 427 (N.D. Ohio 1990). Therefore, removal was proper and the case should not be remanded. See *McCall*, 239 F.3d at 813 n. 2.

*Id*. at *1-2.

Here, like *Redland Ins. Co.*, Saida was not served process at the time of removal, and in fact, to date Saida has not been served at all. [Doc. #12]. Plaintiffs' Motion is curiously silent as to Saida's service, as Plaintiffs inaccurately set forth that simply naming Saida is sufficient. Under the plain language of 28 U.S.C. §1441(b) and this Court's precedent, Plaintiffs' incomplete and misleading argument falls flat. Without service upon Saida prior to removal, Defendants' removal was proper, and the Court retains jurisdiction over this matter. Had Defendants waited for service upon Saida, the thirty (30) day deadline would have passed, and if Saida remained unserved, Defendants would have no right to removal. Further, the fact that the Clerk of Courts for Portage County notes that Saida's service was "refused," certain additional questions could be raised about whether Saida will ever be served by Plaintiffs. As such, Plaintiffs' Motion to Remand must be denied.

## III. IN ADDITION TO LACK OF SERVICE, PLAINTIFFS HAVE ATTEMPTED TO FRAUDULENTLY JOIN SAIDA

In order to preserve the right to this Court's jurisdiction, URS, in the alternative, alleges that Saida was fraudulently joined as a defendant. [Doc. #1].[1] Although Plaintiffs tacitly admit that Saida was only joined to divest this Court of jurisdiction, their rationale for including Saida does not comport with the allegations found in the Complaint. Stated simply, the Complaint contains no actual cause of action against Saida. With that in mind, the appropriate inquiry is "whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *See Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). A party is fraudulently joined when it is "clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law." *See Murray Energy Holding Co. v. Bloomberg, L.P.*, 2016 WL 3355456, *2 (S.D. Ohio June 17, 2016), *citing Alexander*, 13 F.3d at 949. To determine whether Saida was fraudulently joined, the Court should apply a similar, yet more lenient analysis akin to a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See Murray*, 2016 WL 3355456 at *2, *quoting Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012). Judge Marbley of United States District Court for the Southern District of Ohio pointedly adopted the holding that the "primary purpose of fraudulent joinder is to ensure that plaintiffs do not avoid diversity jurisdiction by pleading illegitimate claims involving non-diverse parties…" *See Murray*, 2016 WL 3355456 at *2, *quoting Taco Bell Corp. v. Dairy Farmers of Am., Inc.*, 727 F.Supp.2d 604, 607 (W.D. Ky. 2010).

[1] URS utilized the alternative allegation in the event that the Clerk of Courts for Portage County's docket was not up to date at the time of removal vis-à-vis service upon Saida.

Here, the Court should simply ignore the gymnastics contained in the Motion, and look to the Complaint which demonstrates Plaintiffs' true theory of recovery.[2] "Conclusory allegations of wrongdoing are insufficient to overcome a claim for fraudulent joinder." *See Miner v. Hirschbach Motor Lines, Inc.*, 2005 WL 1377875, *1 (N.D. Ohio June 7, 2005), *citing Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 392-93 (5th Cir. 2000); *In re Baycol Prods. Litig.*, 2004 WL 1118642, *2 (D.Minn. May 17, 2004)("allegations asserted against these Defendants [that] are conclusory at best… do not defeat a finding of fraudulent joinder."). In this regard, Plaintiffs' Complaint contains the following allegations which patently demonstrate the existence of fraudulent joinder:

> 8. Defendant, Siada[3] Atway ("Siada"), resides at 2843 Biscayne Avenue, Youngstown, Ohio 44505. Siada was operating the vehicle in which plaintiffs were situated at the time the accident at issue in this complaint occurred. ***Plaintiffs do not believe Siada was at fault for the accident, but has included her herein only as an alternative pleading in case the other defendants attempt to shift fault for the accident onto Siada***.
>
> * * *
>
> 21. ***As a result of Pritchet's conduct***, the accident occurred.
>
> 22. Pritchet was cited by the Ohio State Highway Patrol for his conduct resulting in the accident.

---

[2] The Motion contains several conclusory theories, one of which is that either Saida or Pritchet must be at fault, and because no party has stipulated to liability at this early stage, this equates to a colorable claim against Saida. Although it is unlikely to be the case here, for the sake of illuminating this faulty logic, one could envision a scenario where neither Saida nor Pritchet were at fault, i.e. a medical emergency, a sudden emergency, an act of God, or an act or omission by an unidentified party. That is, Defendants' Answer and Affirmative Defenses, at this juncture, are immaterial to the analysis of fraudulent joinder. In response to Plaintiffs' ultimatum, i.e. that Defendants must agree to Plaintiffs' proposed stipulation by 5:00 p.m. on June 11, 2018, Defendants informed that they intended to review the stipulation, but that was not acceptable to Plaintiffs.

[3] Plaintiffs' Complaint misspells Saida's name as indicated on Saida's respective Complaint. For accuracy, Defendants will quote precisely as Plaintiffs have plead.

> 23. None of the Plaintiffs were cited in the accident.
>
> 24. ***Siada (the driver of the vehicle in which Plaintiffs were situated) also was not cited in the accident***.
>
> * * *
>
> 26. It ***was Pritchet's negligent***, careless, and/or reckless actions ***were the sole and proximate cause of the accident***, as his conduct resulted in the accident.
>
> 27. Alternatively, and only in the event a jury determines any negligence of Siada caused the accident, Siada is being included in this complaint as a defendant for her conduct that resulted in the accident.
>
> * * *
>
> 36. ***Pritchet had a duty*** to operate the vehicle he was driving safely and to avoid violating city, state and federal regulations and laws and ordinances when operating the Semi-Truck, which includes, but is not limited to, Ohio Revised Code Section 4511.21(A).
>
> 37 ***Pritchet had a duty*** to operate the Semi-Truck he was driving safely by, among other things, traveling at a lawful rate of speed and maintaining an assured clear distance between the Semi-Truck and the other vehicles in front of him.
>
> 38. Siada and Pritchet had a duty to operate their vehicles with care not so as to avoid harming Plaintiffs.
>
> 39. Pritchet and/or Siada violated their duties owed to Plaintiffs, including those duties set forth above.
>
> 40. Pritchet's failure to maintain and assured clear distance ahead constitutes negligence *per se*.

*See* Compl. (***emphasis*** added). A cursory review of the Complaint demonstrates that all colorable and actionable allegations of negligence are directed towards Pritchet. Aside from conclusory allegations with no factual support, there are no allegations of any negligent conduct attributable to Saida. Most telling is Plaintiffs blatant admission that they "***do not believe Siada was at fault***

***for the accident…***". *See* Compl. at ¶8 (***emphasis*** added).[4] This judicial admission begs the question, if Plaintiffs do not have a good faith belief that Saida is at fault or liable for their injuries, how can they state a cause of action against her and include her as a defendant? The answer is Plaintiffs have not stated a claim against Saida, she is not a proper defendant, and she has only been joined in an attempt to defeat diversity. Based upon the Complaint, Plaintiffs have no colorable claims against Saida.

To the extent Plaintiffs rely on the factually barren legal conclusions, i.e. "Siada violated [her] duties to Plaintiffs, including those duties set forth above," this is also specious and insufficient to avoid the Court's jurisdiction. *See e.g.* Compl. at ¶39. That is because Plaintiffs' "obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *See In re Ohio Execution Protocol Litigation*, 2017 WL 3479589, *4 (S.D. Ohio Aug. 14, 2017), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007), *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court of the United States explained:

> …[a] Complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly* at 570, 127 S.Ct. 1955, 167 L. Ed. 2d 929. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955, 167 L.Ed. 2d 929. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* ***
>
> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported

---

[4] Given that the Complaint is rife with sophistry, one could legitimately question whether the Plaintiffs have complied with Fed. R. Civ. P. 11(b).

> by mere conclusory statements, do not suffice. *Id*., at 555, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). ***Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

*See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a motion to dismiss is not in play, the standards set forth in *Twombly* and *Iqbal* are instructive relative to fraudulent joinder. *See Murray*, 2016 WL 3355456 at *2. That is, Plaintiffs' legal conclusions relative to Saida should not be accepted as true, and the Complaint does not contain any allegations against Saida that "state a claim for relief that is plausible on its face." Plaintiffs have informed the Court via the Motion that their "claim" against Saida is nothing more than a "sheer possibility" that Saida may have committed a tort, contingent upon the "sheer possibility" that Defendants may argue that Saida acted improperly. The Supreme Court has permitted this Court to rely on its judicial experience and common sense to pierce the pleadings and uncover Plaintiffs' true motive.

Although it predates the more stringent requirements of *Twombly* and *Iqbal*, this Court has considered an analogous situation, and held against remand. *See Miner*, 2005 WL 1377875. In *Miner*, the plaintiff was involved in a motor vehicle collision on the Ohio Turnpike. *Id*. at *1. To defeat diversity, the *Miner* plaintiff named the Ohio Turnpike Commission. *Id*. The diverse defendants removed and were met with a motion to remand. *Id*. Holding that the Ohio Turnpike Commission was fraudulently joined, Judge James Carr instructed:

> The plaintiff's complaint against the Commission alleges simply "negligence, including but not limited to, designing, operating

> and/or maintaining the toll roadway." Nothing in the complaint alleges any specific negligence.
>
> * * *
>
> To be sure, plaintiff contends that she is actively investigating the basis for her claim against the Turnpike Commission. But that does not relieve her of the obligation of having made some specific factual allegation in her complaint that would justify a reason to believe that she has a *bona fide* claim against the Commission. But there is none, and that is not sufficient to overcome the defendants' claim of fraudulent joinder.

*Id*. Judge Carr also noted that the *Miner* plaintiff's complaint nearly violated Fed. R. Civ. P. 11(b)(3) in that the "complaint simply alleges that the Commission somehow did something, about which, apparently, the plaintiff has no present knowledge, that breached some undefined duty to the plaintiff." *Id*. at n. 1.

Like *Miner*, Plaintiffs do not allege any specific factual allegation of negligence directed at Saida. In *Miner*, in which the plaintiff bordered on a violation of Fed. R. Civ. P. 11, at least the plaintiff argued she was investigating potential claims. Here, Plaintiffs acknowledge that there are no claims against Saida, let alone a *bona fide* claim worthy of proper joinder. In fact, ***Plaintiffs have plead that Saida did nothing wrong***. Plaintiffs' request that the Court sanction their conspicuous attempt at forum manipulation should not only be denied, but emphatically admonished. As such, Plaintiff's Motion to Remand must be denied.

Respectfully submitted,

*/s/ Nicholas P. Resetar*

Bradley A. Wright (0047090)
bwright@ralaw.com
Nicholas P. Resetar (0086507)
nresetar@ralaw.com
Roetzel & Andress, LPA
222 South Main Street, 4th Floor
Akron, OH 44308
Telephone: 330.376.2700
Facsimile: 330.376.4577

***Attorneys for Defendants URS Midwest, Inc. d.b.a. United Road and Ricky Pritchet***

**PROOF OF SERVICE**

A copy of the foregoing was served electronically this 29th day of June, 2018 by way of the Clerk's electronic filing system.

*/s/ Nicholas P. Resetar*

Bradley A. Wright (0047090)
Nicholas P. Resetar (0086507)