# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| KHALED EL HASSAN, et al., | ) | CASE NO. 5:18-cv-1227 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| URS MIDWEST, INC., et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is plaintiffs' motion to remand. (Doc. No. 11 ["Mot."].) Defendants filed

an opposition brief (Doc. No. 13 ["Opp'n"]) and plaintiffs filed a reply (Doc. No. 14 ["Reply"]).

For the reasons set forth herein, the motion to remand is granted.

## I. BACKGROUND

On May 6, 2016, plaintiffs[1] were all passengers in a vehicle traveling eastbound on the

Ohio turnpike in a construction zone where traffic was reduced from three lanes to one. (Doc. No.

1-1 ["Compl."] ¶¶ 10, 15, 17.) Defendant Saida Atway ("Atway")[2] owned and was operating that

vehicle. (*Id.* ¶ 11.) At the same time, defendant Ricky A. Pritchet ("Pritchet") was operating a

tractor-trailer in the course and scope of his employment with defendant URS Midwest, Inc.

("URS"). (*Id.* ¶¶ 7, 18, 19.)[3] He was also traveling eastbound on the Ohio turnpike immediately

behind the vehicle driven by Atway. (*Id.* ¶ 12.) Pritchet struck the back of Atway's vehicle with

---

[1] The plaintiffs are Khaled El Hassan, his wife Raida Atway, and their two minor children A.E.H. and G.E.H., all of whom are residents of South Carolina. (Compl. ¶¶ 1-4.) Following removal, the complaint was sealed because it contained the names of the minor children.

[2] Saida Atway is a resident of Ohio. (Compl. ¶ 8.)

[3] Ricky A. Pritchet is a resident of Tennessee; URS Midwest, Inc. is a Delaware corporation with its principal place of business in Michigan. (Compl. ¶¶ 5, 6.)

the front of the tractor-trailer. (*Id.* ¶ 14.) Pritchet was cited by the Ohio State Highway Patrol for his conduct resulting in the accident; Atway was not cited. (*Id.* ¶¶ 22, 24.) The complaint alleges that plaintiffs were all injured in the accident due to Pritchet's negligent, careless, and/or reckless actions or, in the alternative, due to the negligence of Atway. (*Id.* ¶¶ 26, 27.)[4]

Plaintiffs filed this action in the Portage County Court of Common Pleas on May 1, 2018. On May 31, 2018, defendant URS removed the action to this Court. Although it was originally assigned to another judge, it was reassigned as related to *Atway v. Pritchet, et al.*, Case No. 5:18-cv-1224, a case already on the docket of the undersigned. On June 11, 2018, Pritchet filed his consent to removal and, on that same day, plaintiffs filed the instant motion to remand.[5]

## II. DISCUSSION

### A. Applicable Law

Under 28 U.S.C. § 1441(a), a defendant may remove from state court any civil action "of which the district courts of the United States have original jurisdiction." Thereafter, a plaintiff may move to remand. 28 U.S.C. § 1447(c). "[B]ecause they implicate federalism concerns, removal statutes are to be narrowly construed." *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S. Ct. 868, 85 L. Ed. 1214 (1941)). The removing party bears the burden of showing that federal jurisdiction exists and all doubts should be resolved in favor of remand. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006).

---

[4] Although naming Atway as a defendant, plaintiffs make clear that they "do not believe [she] was at fault for the accident, but [have] included her herein only as an alternative pleading in case the other defendants attempt to shift fault for the accident onto [Atway]." (Compl. ¶ 8; *see also id.* ¶ 27.)

[5] Earlier in the day, this Court had denied motions to consolidate the two cases, finding the motions moot since, due to the clerk's reassignment for relatedness, both cases were on the docket of the undersigned and could be managed together without being consolidated.

The right to removal is not unlimited. Where federal jurisdiction is based solely on diversity of citizenship, a case "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). This rule is known as the "forum defendant rule" and "reflects the belief that even if diversity exists, a forum defendant . . . has no reason to fear state court prejudice." *NFC Acquisition, LLC v. Comerica Bank*, 640 F. Supp. 2d 964, 968 (N.D. Ohio 2009).

**B.      Analysis**

In their motion to remand, plaintiffs argue that, because Atway is an Ohio resident, this case was improperly removed. (Mot. at 65,[6] citing 28 U.S.C. 1441(b)(2).) In opposition, defendants argue that, at the time of removal, although Atway may have been "joined," she had not been "served," and that, in any event, she was fraudulently joined so as to defeat diversity. (Opp'n at 132, relying on *Redland Ins. Co. v. Singleton*, No. 4:08CV1314, 2008 WL 11381820, at *1 (N.D. Ohio July 22, 2008) (citing *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001)).)

**1.      Joined and Served**

With respect to the question of whether Atway was served by the time of removal, in their reply, plaintiffs supply proof of service. They submit the affidavit of Tammy McKinney, the person at plaintiff's counsel's law firm responsible for service of complaints, who provided tracking information obtained from the United States Postal Service's website reflecting that the summons and complaint were delivered to an individual at Atway's address on May 7, 2018 at 3:29 p.m. (*See* Doc. No. 14-1 ("McKinney Decl.") ¶¶ 1, 3 and Ex. A. at 157.) In addition, plaintiffs

---

[6] All page number references are to the page identification number generated by the Court's electronic docketing system.

state that they never received notice from the Portage County Clerk of Court that delivery of the service was not successful, which would have been required under Ohio R. Civ. P. 4.6(C).

Defendants also rely upon language in a decision of another branch of this court as authority for the proposition that, under the plain language of the removal statute, "if a resident defendant is not both joined and served" by the time of removal, "the forum-defendant rule does not apply." (Opp'n at 132-33, quoting *Redland Ins.*, 2008 WL 11381820, at *1-2.) But as properly pointed out by plaintiffs, service on Atway by the time of removal is immaterial to the question of whether removal was proper. (Reply at 142.)

The language from *McCall* relied upon by *Redland Insurance* has been more recently identified as non-controlling dicta that is inconsistent with the policy underlying the forum defendant rule. *See NFC Acquisition*, 640 F. Supp. 2d at 969 & n.3 (citing with approval *Ethington v. Gen. Elec. Co.*, 575 F. Supp. 2d 855, 821 (N.D. Ohio 2008)), which rejected the plain language interpretation of the statute,[7] instead concluding that a forum defendant cannot remove to federal court even if the forum defendant has not been properly joined *and* served). The court in *NFC Acquisition* further found nothing in the statute that makes the forum defendant rule dependent on which defendant filed for removal.

The Court concludes that, although Atway *was* both "joined and served" prior to removal, even if she had not yet been served, under the better precedent in this court, a literal interpretation of § 1441(b) is inappropriate because it defeats the forum defendant rule and its underlying policy.

---

[7] The court in *Ethington* noted that "a literal application of § 1441(b) would allow defendants to *always* avoid the imposition of the forum defendant rule as long as they are monitoring state dockets and avoiding service." *Ethington*, 575 F. Supp. 2d at 862. The court concluded that this would eviscerate both the forum defendant rule and the plaintiff's well-established right to choice of forum in cases where "the defendants are sophisticated litigants." *Id.*

## 2.    Fraudulent Joinder

Defendants next argue that Atway was fraudulently joined solely to defeat diversity jurisdiction. (Opp'n at 134.) The removing party bears the burden of demonstrating fraudulent joinder. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). "'There can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law.'" *Id.* (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968)). "Therefore, 'the question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved.'" *Id.* In addition, although it bears the title of "fraudulent," a plaintiff's motive for this type of joinder "is immaterial[.]" *In re Welding Rod Prods. Liab. Litig.*, No. 1:03-CV-17000 (MDL 1535), 2004 WL 1179454, at *3 (N.D. Ohio May 21, 2004). And "whether the plaintiffs will ultimately recover against the removing defendants is also immaterial." *Id.*

Defendants argue that plaintiffs' rationale for including Atway as a defendant "does not comport with the allegations found in the [c]omplaint." (Opp'n at 134.) According to defendants, the complaint contains no cause of action against Atway. (*Id.*) The Court disagrees.

Plaintiffs properly point out that defendants URS and Pritchet have denied responsibility for the accident. (Reply at 147-48, citing the complaint and corresponding paragraphs of the answer, as well as affirmative defenses raised.) Therefore, it is not a stretch to conclude that these defendants may intend to point a finger at the driver of the vehicle wherein plaintiffs were riding when the accident occurred, holding her somehow responsible for the rear-end collision by the URS tractor-trailer driven by Pritchet. As a result, plaintiffs, who expressly state that they believe URS and Pritchet are responsible for the accident, have pleaded their complaint in the alternative, alleging negligence against all of the named defendants, including Atway. Plaintiffs assert that

their complaint is more than sufficient, under Ohio rules of pleading,[8] to allege negligence claims against Atway. (*Id.* at 150-51, citing relevant paragraphs of the complaint alleging duty, breach of duty, proximate cause, and damages; *see also Karafa v. Toni*, No. 80664, 2003 WL 125017, at *3 (Ohio Ct. App. Jan. 16, 2003).)

The Court does not conclude that plaintiffs' joinder of Saida Atway was fraudulent.

### III. CONCLUSION

For the reasons set forth herein, defendant URS's removal of this case from state court to federal court was improper due to the forum defendant rule. Therefore, plaintiffs' motion to remand is **granted** and this case is remanded to the Court of Common Pleas of Portage County, Ohio.[9]

**IT IS SO ORDERED**.

Dated: November 20, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[8] *See Hendrickson v. Haven Place, Inc.*, No. 100816, 2014 WL 4261947, at *2 (Ohio Ct. App. Aug. 28, 2014) ("Ohio has not adopted the modification of notice pleading standards as set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).").

[9] The Court notes that the case of *Atway v. Pritchet, et al.*, Case No. 5:18-cv-1224, remains on this Court's docket because it was properly removed. That said, the parties may wish to consider consenting to the remand of that case. The state court record filed in this case reveals that, just days after removal, on June 4, 2018, the state court granted plaintiff's motion to consolidate the *Atway* case with the *El Hassan* case. *See id*. Doc. No. 8-1 at 57, 74-75.